IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERICK DEANGELIS,

      Petitioner,

v.

GERALD ROZUM, et al,

      Respondents.

CIVIL ACTION
NO. 13-7240

**FILED**

**JUL 17 2015**

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**ORDER**

**AND NOW**, this 16th day of July, 2015, after careful and independent consideration of the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, and Petitioner's objections thereto, it is hereby **ORDERED**:

1.  The Report and Recommendation is **APPROVED** and **ADOPTED**[1];

---

[1]Petitioner does not dispute the fact that his habeas petition is not timely filed. However, he claims that he is entitled to equitable tolling, because neither he nor his counsel received notice from the Pennsylvania Supreme Court of its denial of his petition for allowance of appeal. Petitioner claims that his counsel only became aware that the Supreme Court denied his petition when counsel received a copy of the transmittal letter from the Superior Court stating that the court file was being returned to the trial court after the Petition for Allowance of Appeal was denied. There is some confusion as to when Petitioner's counsel actually received this notice that the file was being returned to the trial court. In Petitioner's Amended counseled petition, he states that his counsel discovered the Supreme Court's denial of his appeal "on the day before Thanksgiving (November 20)." (Dkt No. 7, p. 2, n. 1.) In Petitioner's Memorandum of Law in support of his habeas petition, he states that his counsel discovered that the Supreme Court denied his appeal on "the day before Thanksgiving." (Dkt. No. 6, p. 7.) In Petitioner's Reply to Respondents' Answer to his habeas petition, he stated that the denial of his appeal "was discovered on the day before Thanksgiving." (Dkt No. 14, p. 3.) In her R&R analyzing the timeliness of Petitioner's petition and his entitlement to equitable tolling, Judge Sitarski used November 20, 2013 as the date when Petitioner's counsel first discovered the Supreme Court's denial of his appeal, as this is the date set forth in the Amended Petition. As pointed out by Judge Sitarski, a problem exists with the timeline set forth in Petitioner's Amended Petition, as Thanksgiving in 2013 fell on Thursday, November 28, not the week of November 20, as alleged by Petitioner. (R&R, p. 12, n. 10.) Petitioner claims due to his receipt of this notice being in close proximity to the Thanksgiving holiday, he was unable to access the prison law library in order to prepare his *pro se* habeas petition, as the library was closed for an extended period of time for the holiday.

7-17-15   e-mailed to   B wittels
                                 N. Casenta

2. The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is

   **DISMISSED** with prejudice; and

3. There is no basis for the issuance of a certificate of appealability.

**BY THE COURT:**

Jeffrey L. Schmehl, J.

---

After Judge Sitarski filed her R&R, Petitioner filed objections and changed the date when his counsel first learned of the denial of his appeal to "November 26, 2013, the Tuesday before Thanksgiving." (Dkt. No. 17, p. 2.) Giving Petitioner the benefit of the doubt, and assuming that the November 20, 2013 date set forth in his Amended Petition was incorrect and that his counsel did in fact learn of the denial of his appeal on November 26, 2013, two (2) days before Thanksgiving, I find that this does not change the equitable tolling analysis. On November 26, 2013, Petitioner would still have had six (6) days in which he could timely file his federal habeas petition. As accurately analyzed by the Magistrate Judge, "the Court cannot conclude that the difficulty Petitioner faced due to the untimely notice to his attorney rises to the level of extraordinary circumstances" that would justify the application of equitable tolling. (R&R, p. 13.) "Limited access to the prison library is a fact of prison life and generally does not constitute extraordinary circumstances supporting an argument for equitable tolling." (R&R, p. 14, n. 13, citing Garrick v. Vaughn, No. 00-4845, 2003 WL 22331774, at *4 (E.D. Pa. 2003), *aff'd sub nom.* Garrick v. Diguglielmo, 162 F.App'x 122 (3d Cir. 2005). When Petitioner learned of the denial of his appeal, he had six (6) days in which he could prepare and file what he eventually filed: a very basic, largely blank petition containing one ground for relief based upon his previous collateral appeals. Although it was a short period of time, Petitioner did have time remaining to timely file his habeas petition, and failed to do so. Therefore, he is not entitled to equitable tolling.

Further, even if failure to receive notice of the denial of his appeal and Petitioner's inability to access the prison law library did amount to extraordinary circumstances so as to entitle Petitioner to equitable tolling, and his habeas petition was considered timely filed, he still is not entitled to relief in this matter, as the claims asserted in his petition are without merit, as thoroughly analyzed by Judge Sitarski in her R&R. (R&R, pp. 14-22.) Accordingly, Petitioner's Petition is dismissed with prejudice.